**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ALVIN ABBOTT,**
**Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 25-1624**
**c/w 26-436**

**CJT CONCRETE PUMPING, LLC, ET AL.,**
**Defendants**

**SECTION: "E" (2)**

## ORDER AND REASONS

Before the Court is the Motion to Remand to State Court filed by Plaintiff Alvin Abbot ("Plaintiff").[1] Defendant BOH Bros Construction Co., LLC ("Boh Bros") filed an opposition.[2] Plaintiff filed a reply.[3] With leave of this Court,[4] Boh Bros filed a surreply.[5] The Court gave further leave for the parties to file supplemental memoranda.[6] Defendants Boh Bros, CJT Concrete Plumbing, LLC ("CJT"), and Holcim US, Inc. ("Holcim"), thereafter filed supplemental memoranda in opposition to the Motion to Remand.[7]

## BACKGROUND

This case arises out of injuries Plaintiff allegedly sustained while working for Boh Bros.[8] Plaintiff alleges that on January 28, 2025, as part of his employment for Boh Bros, he was working aboard a vessel located at the Port of New Orleans.[9] Plaintiff alleges he was working aboard a scully work boat for the purposes of pouring concrete into pilings

---

[1] R. Doc. 51.
[2] R. Doc. 53.
[3] R. Doc. 55.
[4] R. Doc. 59.
[5] R. Doc. 60.
[6] R. Doc. 71.
[7] R. Docs. 91, 92, and 93.
[8] All allegations in this section are taken from Plaintiff's second amended complaint and viewed in the light most favorable to Plaintiffs. *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (stating that, when evaluating whether seaman status was fraudulently pleaded, "[t]he district court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff").
[9] R. Doc. 27 at ¶ 5.

beneath a dock.[10] Plaintiff alleges he was responsible for holding, guiding, and coupling a hose that would pour concrete into the pilings.[11] Plaintiff alleges the hose developed a kink, causing internal pressure in the hose to build up and the hose to explode.[12] Plaintiff alleges the explosion caused the hose to strike Plaintiff, knocking him from his position and causing serious injuries.[13]

On June 30, 2025, Plaintiff filed the instant action in the 41st Judicial District Court for the Parish of Orleans.[14] Plaintiff brought claims against Holcim US Inc., alleging Holcim operated the hose that exploded and caused his injuries.[15] Plaintiff alleges that he brought this action pursuant to the General Maritime Law of the United States pursuant to 28 U.S.C. § 1333.[16] In his state court petition, Plaintiff did not bring a Jones Act claim against his employer, Boh Bros; in fact, Plaintiff specifically stated that he "makes no claims against his employer" as Boh Bros provided him workers' compensation benefits "under applicable law."[17]

Holcim was served with Plaintiff's petition on July 24, 2025.[18] On August 7, 2025, Holcim removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. §§ 1332(a).[19] Holcim alleges the amount in controversy is satisfied in this matter given the severity of the injuries Plaintiff alleges he suffered.[20] In terms of citizenship, Holcim alleges Plaintiff is a resident of Louisiana,[21] while Holcim was incorporated in Delaware and has its principal place of business in Michigan.[22]

---

[10] R. Doc. 1-2 at ¶ 3.
[11] R. Doc. 27 at ¶ 7.
[12] R. Doc. 27 at ¶ 6.
[13] R. Doc. 27 at ¶ 6.
[14] R. Doc. 1-2.
[15] *Id.* at ¶ 8.
[16] R. Doc. 1-2 at ¶ 1.
[17] R. Doc. 1-2 at ¶ 4.
[18] R. Doc. 1 at p. 2.
[19] R. Doc. 1.
[20] R. Doc. 1 at p. 7.
[21] R. Doc. 1 at p. 5.
[22] R. Doc. 1 at p. 3.

On September 24, 2025, Plaintiff filed his first amended complaint, in which he named CJT Concrete Pumping, LLC as a defendant.[23] Plaintiff alleges CJT operated the cement hose that exploded and caused his injuries.[24] Plaintiff alleges CJT and its agents negligently operated the pressure control system, which caused the explosion.[25] On January 21, 2026, Plaintiff filed a second amended complaint, adding Boh Bros as a defendant.[26] In this amended complaint, Plaintiff alleges employees and agents of Boh Bros improperly operated the concrete hose that exploded and injured him.[27] Boh Bros was served with Plaintiff's second amended complaint on January 30, 2026.[28]

On April 22, 2026, Plaintiff filed a motion to remand.[29] Plaintiff argues this Court should remand this matter to state court because he has pleaded non-frivolous Jones Act and maritime law claims and as a result, this Court lacks subject matter jurisdiction over his claims.[30] Plaintiff argues Defendant has failed to demonstrate there is no possibility that he will be able to establish a Jones Act cause of action.[31] As a result, Plaintiff argues the Court should remand this matter.[32]

Defendants argue this Court should deny Plaintiff's motion for multiple reasons. First, Defendants argue Plaintiff's motion to remand is untimely, because more than thirty days have passed since Holcim removed this case on August 7, 2025, since Plaintiff filed his second amended complaint on January 21, 2026, and, alternatively, since Boh Bros. was served on February 2, 2026.[33]

[23] R. Doc. 17.
[24] R. Doc. 17 at p. 2.
[25] R. Doc. 17 at p. 2.
[26] R. Doc. 27.
[27] R. Doc. 27 at p. 7 ¶ 13.
[28] On January 26, 2026, Plaintiff filed a motion to dismiss Holcim from this action without prejudice, which this Court granted. R. Doc. 30.
[29] R. Doc. 51.
[30] R. Doc. 51-1 at p. 1.
[31] R. Doc. 51-1 at p. 1.
[32] R. Doc. 51-1 at p. 2.
[33] R. Doc. 53 at pp. 7-8. *See* 28 U.S.C. § 1447(c).

Second, Defendants argue that since the Plaintiff's second amended complaint was filed in federal court, Plaintiff elected federal court as his forum, pursuant to the Savings to Suitors clause and cannot be remanded.[34] Third, Defendants argue Plaintiff is not a Jones Act seaman; rather, he is a longshoreman, with his sole remedy against Boh Bros being worker's compensation benefits and as a result there is no basis for remand.[35]

**LEGAL STANDARD**

Federal courts are courts of limited subject matter jurisdiction, and they possess only the power authorized by the Constitution and by statute.[36] Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the plaintiff could have originally brought the action in federal court.[37] Pursuant to 28 U.S.C. § 1332, a federal court may exercise subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and where there is complete diversity of citizenship.[38] The parties are completely diverse where no plaintiff is a "citizen of the same State as any defendant."[39] Section 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[40] 28 U.S.C. § 1447(c) allows "30 days after the filing of the notice of removal" for a party to file a motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction[.]"

Jones Act suits are generally non-removable because the Jones Act incorporates the general provisions of the Federal Employer Liability Act ("FELA"), including 28 U.S.C.

---

[34] R. Doc. 91 at p. 2. *See* 28 U.S.C. § 1333(1).
[35] R. Doc. 91 at pp. 4-9.
[36] R. Doc. 1 at pp. 12-16.
[37] *See* 28 U.S.C. § 1441.
[38] *See* 28 U.S.C. § 1332(a).
[39] *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).
[40] *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1,* 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2)).

§ 1445(a), which bars removal of FELA claims.[41] However, when a plaintiff in a Jones Act case both "fails to object promptly to removal and 'participates in the conduct of [the] action,' then it is within the district court's discretion to determine whether the plaintiff's conduct amounts to a waiver of the right to remand."[42]

## LAW AND ANALYSIS

### I. Plaintiff's Motion to Remand is untimely under 28 U.S.C. § 1447(c).

An untimely motion to remand must be denied as procedurally defective. 28 U.S.C. 1447(c) provides, in part:

> A motion to remand [a removed] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

In *Elder v. Walmart Stores, Inc.*, a section of this court held that a motion to remand filed 31 days after defendant filed a notice of removal should be denied as a matter of law.[43] In that case, the plaintiffs served their motion to remand on the 31st day after the notice of removal was filed, asserting that defendants notice of removal itself was untimely.[44] The Court denied the motion to remand, stating, "the issue of a timely or improvident removal has been waived and the Court need only look further to the issue of [determining whether it had subject matter jurisdiction]."[45] The court held that "[P]laintiff's failure to initiate service of the motion to remand within the thirty-day period described by §1447(c) has waived their objections to the alleged untimely and improvident removal of this case."[46]

---

[41] *Lackey v. Atlantic Richfield Co.,* 990 F.2d 202, 207 (5th Cir. 1993). 28 U.S.C. § 1445(a) provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1–4 and 5–10 of the Act of April 22, 1908 (45 U.S.C. 51–54, 55–60), may not be removed to any district court of the United States." Section 1445(a) directly references FELA, 45 U.S.C. §§ 51 *et seq.*, and the Jones Act expressly incorporates the provisions of FELA in stating the "[l]aws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section." 46 U.S.C. § 30104.
[42] *Johnson v. Odeco Oil and Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989) (quoting *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 118 (5th Cir. 1987) (*en banc*)).
[43] 751 F.Supp. 639, 640 (E.D. La. 1990).
[44] *Id.*
[45] *Id.*
[46] *Id.* (citing *Covington v. Indemnity Ins. Co. of N. Am.* 251 F.2d 930 (5th Cir. 1958)).

This action was removed to federal court on August 7, 2025.[47] Plaintiff filed a first amended complaint in this Court on September 24, 2025, a second amended complaint on January 21, 2026, and a third amended complaint on July 10, 2026.[48] The second amended complaint for the first time named Boh Bros as a Jones Act defendant.[49] The present motion to remand, citing the non-removability of Jones Act claims, was filed on April 22, 2026.[50] The motion was not timely filed within the 30-day period prescribed in 28 U.S.C. § 1447(c), regardless of whether the clock starts with the filing of the initial August 7, 2025 notice of removal, or with the second amended complaint of January 21, 2026.[51] Accordingly, the motion is procedurally defective, and the motion to remand should be denied on that basis.

## II. Plaintiff has waived his right to remand by participating in the conduct of the action.

Even if the Court were to consider the motion despite its procedural defect, Plaintiff has taken affirmative action constituting waiver of his right to remand.

In *Johnson v. Odeco Oil and Gas Company*, the Fifth Circuit found that a Jones Act plaintiff's participation in discovery and other pretrial litigation matters in federal court following removal constitutes waiver of an objection to removal based on 28 U.S.C. § 1445(a).[52] In that case, the plaintiff originally brought his Jones Act claim in state court, which the defendant subsequently removed to federal court.[53] Discovery progressed in the federal forum for nearly a year, at which time the defendant filed a motion for summary judgment, and the plaintiff responded with a motion to remand pursuant to §

[47] *See* R. Doc. 1.
[48] *See* R. Docs. 17, 27, 69.
[49] *See* R. Doc. 27 at p. 9.
[50] *See* R. Doc. 51.
[51] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c).
[52] *Johnson v. Odeco Oil and Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989).
[53] *Id.* at 41.

1445(a).[54] The district court denied the motion to remand and granted summary judgment in favor of the defendant.[55] On appeal, the Fifth Circuit upheld the denial of the motion to remand, reasoning that plaintiff's participation in the federal proceedings constituted "affirmative action" of waiver.[56] The Fifth Circuit highlighted that, within the federal forum, the plaintiff had attended depositions noticed by the defendant and had amended his complaint to join additional defendants.[57]

Applying *Johnson*, the Western District of Louisiana has found that the filing of an amended complaint in the federal forum is "an affirmative action constituting acquiescence to the federal court's jurisdiction sufficient to waive the right to remand."[58] By contrast, district courts have found *Johnson* inapplicable when no substantial participation in the federal proceedings has taken place, but only when the plaintiff's motion to remand was timely.[59]

The Court finds that, because Plaintiff has filed several amended complaints in this court and has failed to timely file his motion to remand under any scenario, he has waived his right to remand under § 1445(a). The second amended complaint, filed in this court, for the first time named a Jones Act defendant.[60] This affirmative action by the Plaintiff invoked this court's jurisdiction over Boh Bros., the newly-added party.[61] All parties have

---

[54] *Id.* at 42.
[55] *Id.* at 41.
[56] *Id.* at 42.
[57] *Id.* (citing *In re Moore*, 209 U.S. 490, 496 (1908)).
[58] *Myers v. BP Am., Inc.*, No. 08CV0168, 2008 WL 11391299 at *3 (W.D. La. Nov. 5, 2008).
[59] *Nat'l Serv. Indus., Inc. v. N&M, Inc.*, No. 3:09CV155 DPJ-JCS, 2009 WL 10676903 at *3 (S.D. Miss. Sept. 4, 2009) (party who "raised their objections to removal well within the thirty-day time period" presented a "fundamentally different" situation than *Johnson*); *Fields v. Brown*, 519 F. Supp. 3d 388, 391 (E.D. Tex. 2021) (case distinguishable from *Johnson* because plaintiffs motion to remand was "promptly filed within the thirty-day window after removal" and plaintiffs had "not taken part in any discovery"); *Royster v. Sanare Energy Partners, LLC*, No. CV 25-968, 2025 WL 2318620 at *2 (E.D. La. July 24, 2025) (finding same).
[60] *See* R. Doc. 27 at p. 9.
[61] *See Myers v. BP Am., Inc.*, No. 08CV0168, 2008 WL 11391299 at *4 (W.D. La. Nov. 5, 2008) (waiver under *Johnson* is applicable because "[n]ot only did plaintiff seek and obtain leave to file an amended complaint . . . [he] also added new defendants, who are undisputably proper Jones Act defendants, requesting the issuance of summons by this court and thereby invoking this court's jurisdiction over these newly added parties.").

participated in discovery.[62] Furthermore, as discussed above, the present motion to remand, filed on April 22, 2026 was not timely filed within the 30-day period prescribed in 28 U.S.C. § 1447(c), regardless of whether the clock started with the filing of the initial August 7, 2025 notice of removal, or with the second amended complaint filed on January 21, 2026.[63] A waiver of a right to remand under *Johnson* requires both affirmative action acquiescing to the federal forum and untimely filing of a motion to remand.[64] Plaintiff's conduct in this action satisfies both. Therefore, the Court finds that Plaintiff has waived his right to remand.

Accordingly,

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**New Orleans, Louisiana, this 10th day of September, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[62] *See* R. Doc. 89-1 at p. 1 (Plaintiff noting that Defendants retain "the benefit of the discovery conducted to date"). A scheduling order has also been entered in this case. *See* R. Doc. 44.
[63] *See* 28 U.S.C. § 1447(c).
[64] *See Johnson v. Odeco Oil and Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989).